Opinion filed December 11, 2014



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00050-CR

_____

## KIM MICHELLE GRAY FINLEY MOORE
## A/K/A KIM GREY FINLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 432nd District Court**

**Tarrant County, Texas**

**Trial Court Cause No. 1271955D**

## M E M O R A N D U M   O P I N I O N

Kim Michelle Gray Finley Moore a/k/a Kim Grey Finley waived a jury trial and pleaded guilty to evading arrest or detention while using a vehicle; she also pleaded "true" to a habitual offender charge. The trial court convicted Appellant and assessed her punishment at confinement for thirty-five years and no fine.

Appellant asserts that the trial court abused its discretion when it sentenced her and that her trial counsel was ineffective. We affirm.

## I. *The Charged Offense*

The grand jury indicted Appellant of the offense of intentionally fleeing from a lawful arrest or detainment while using a vehicle. The grand jury also indicted her as a habitual offender because of two prior felony convictions: one for evading arrest or detention while using a vehicle and one for possession of a controlled substance. A person evades arrest or detention while using a vehicle if she intentionally flees, through the use of a vehicle, from an officer attempting lawfully to arrest or detain her. TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2014). A person can be charged and convicted as a habitual offender if, prior to the present charged offense, she has been convicted of two prior felonies on separate occasions. *Id.* § 12.42(d). The punishment for a person convicted as a habitual offender is confinement for life or for a term of not less than twenty-five or not more than ninety-nine years. *Id.*

## II. *Evidence at Plea and Sentencing Hearings*

Appellant's guilty plea stemmed from an incident on a Friday morning in which Appellant led police on a sixteen-minute, high-speed car chase down a one-way service road against traffic, through a residential neighborhood, and on the freeway. Once on the freeway, Appellant drove her vehicle at speeds of more than 110 miles per hour. Richard Brannen, an officer with the Lake Worth Police Department and the arresting officer, testified that the chase ended because Appellant drove through a ditch and up to a roadblock where she was ordered at gunpoint to stop and get out of her car.

At the plea hearing, the trial court clarified that, if it accepted the guilty plea and plea of "true" as a habitual offender, it could defer adjudication or it could sentence Appellant to confinement for a minimum of twenty-five years up to

2

confinement for life. The trial court also explained to Appellant that it rarely granted deferred adjudication after a plea of "true" to a habitual offender charge. At the beginning of the sentencing hearing, the trial court again took note of Appellant's guilty plea, but it did not explicitly enter a finding of guilt. The State then presented testimony from Officer Brannen and introduced into evidence the video of the chase from his in-car camera.

Appellant testified that she was upset at the time of the chase because she had recently learned of her husband's infidelity and that she was bipolar and had not taken her medication in the days prior to the chase. Appellant said she mentored people in the community; she helped them with their drug abuse recovery and helped them find employment. Appellant said she had not dealt or taken drugs since 2004. On cross-examination, Appellant admitted that she had two prior convictions for evading police in a vehicle. Appellant also admitted that she had been to prison for drug use and drug dealing.

Sadie Hamilton testified on Appellant's behalf. Hamilton, who is the owner of New Beginnings House,[1] was Appellant's sponsor from the time of Appellant's release from prison in 2004 until Appellant's sentencing in this case.[2] Hamilton said she helped Appellant through the process of substance abuse recovery. Hamilton also said that Appellant assisted the less fortunate with donations of toys and clothes, that she was an asset to the recovery community and the community-at-large, and that she deserved another chance.

Pastor Sie Brooks Davis testified on Appellant's behalf. Pastor Davis said that Appellant was a good person, had accompanied him to prisons to help reform prisoners, and deserved a chance to reenter the community. Pastor Davis said he

---

[1]New Beginnings House is a transitional living facility that assists people with substance abuse problems.

[2]Appellant was last released from prison in 2004, eight years prior to the sentencing hearing.

was surprised when he watched the video of the offense in this case because the conduct was out of character for Appellant, but Pastor Davis later conceded he was unaware of Appellant's two prior convictions for the same offense.

At the conclusion of the sentencing hearing, the trial court noted that Appellant, a highly educated woman with experience in the criminal justice system, knew her actions were wrong and that she voluntarily, knowingly, and intentionally engaged in criminal conduct. The trial court explained that Appellant had endangered several people during the high-speed chase that ended when the police forced her to stop. The trial court then found Appellant guilty, found the enhancement allegations to be true, and sentenced her to confinement for thirty-five years.

### III. *Issues Presented*

Appellant asserts in her first issue that the trial court abused its discretion by sentencing her to confinement for thirty-five years. Appellant asserts in her second issue that she was subject to ineffective assistance of counsel because her counsel failed to show up for court settings on time, missed two court settings, failed to negotiate for deferred adjudication, and did not inform Appellant of any offers from the State.

### IV. *Standard of Review*

We review a trial court's sentencing order under an abuse of discretion standard. *See Jackson v. State*, 680 S.W.2d 809, 814 (Tex. Crim. App. 1984). We will not disturb a trial court's sentence if the sentence is within the proper range of punishment. *Id.* The standard of review for Appellant's complaint of ineffective assistance of counsel is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984); *see Davis v. State*, 278 S.W.3d 346, 352 (Tex. Crim. App. 2009); *Diaz v. State*, 380

4

S.W.3d 309, 311 (Tex. App.—Fort Worth 2012, pet. ref'd). The *Strickland* test has two prongs: (1) a performance standard and (2) a prejudice standard. *Strickland*, 466 U.S. at 687.

For the performance standard, we must determine whether Appellant has shown by a preponderance of the evidence that counsel's representation fell below an objective standard of reasonableness. *Id.* at 687–88. There is a strong presumption that trial counsel's conduct fell within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689; *Diaz*, 380 S.W.3d at 311–12. To overcome this deferential presumption, an allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). "[T]rial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). When the record contains no direct evidence of counsel's reasons for the challenged conduct, we "will assume that counsel had a strategy if any reasonably sound strategic motivation can be imagined." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). We "will not conclude the challenged conduct constituted deficient performance unless the conduct was so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

For the prejudice standard, we determine whether there is a reasonable probability that the outcome would have differed but for counsel's errors. *Wiggins v. Smith*, 539 U.S. 510 (2003); *Strickland*, 466 U.S. at 686; *Andrews v. State*, 159 S.W.3d 98 (Tex. Crim. App. 2005). The reasonable probability must rise to the level that it undermines confidence in the outcome of the trial. *Diaz*, 380 S.W.3d at 312.

A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010); *Andrews*, 159 S.W.3d at 101. A reviewing court need not consider both prongs of the *Strickland* test and can dispose of an ineffectiveness claim on either prong. *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd) (citing *Cox v. State*, 389 S.W.3d 817, 819 (Tex. Crim. App. 2012)); *see Strickland*, 466 U.S. at 697.

## V. *Analysis*

### A. *Issue One: Sentencing*

Texas law allows for enhanced charges and required sentences for habitual offenders. *See* PENAL § 12.42(d). There is no fundamental right to probation. *Speth v. State*, 6 S.W.3d 530, 533 (Tex. Crim. App. 1999) (citing *Flores v. State*, 904 S.W.2d 129, 130 (Tex. Crim. App. 1995)). The trial court had the discretion to place Appellant on deferred adjudication or sentence Appellant to confinement for life or for a term of twenty-five to ninety-nine years as required by statute. PENAL §§ 12.42(d), 38.04(a), (b)(2)(A).

In reviewing a trial court's sentencing determination, "a great deal of discretion is allowed the sentencing judge." *Jackson*, 680 S.W.2d at 814. We will not disturb a trial court's decision as to punishment absent a showing of abuse of discretion and harm. *Id.* As a general rule, punishment is not cruel and unusual if it falls within the range of punishment established by the legislature. *Id.*; *Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.).

When we consider whether a sentence is disproportionate, we first make a threshold comparison of the gravity of an appellant's offense against the severity of her sentence. *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Dale*, 170 S.W.3d at 799–800. We consider the gravity of the offense in light of the harm caused or threatened to the victim or society and the culpability of the

6

offender.  *Solem v. Helm*, 463 U.S. 277, 292 (1983); *Dale*, 170 S.W.3d at 800. Only if we infer that the sentence is grossly disproportionate to the offense will we then compare the sentence received to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions.  *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800.

The trial court's sentence of confinement for thirty-five years was within the statutorily required punishment range.  Although Appellant requested community supervision and conceded that community supervision is not mandatory, she argues that the trial court abused its discretion when it sentenced her to a punishment within the statutory range.  Considering Appellant's offense in this cause and considering the evidence that Appellant had committed similar offenses in the past, we conclude that Appellant's sentence of thirty-five years is not grossly disproportionate to the offense.  We need not compare Appellant's sentence to sentences imposed for similar crimes in Texas and sentences imposed for the same crime in other jurisdictions.  *McGruder*, 954 F.2d at 316; *Dale*, 170 S.W.3d at 800. The trial court did not abuse its discretion by sentencing Appellant to confinement for thirty-five years.  We overrule Appellant's first issue.

*B. Issue Two: Ineffective Assistance of Counsel*

Appellant asserts that she had ineffective assistance of counsel because her counsel failed to show up for court settings on time, missed two court settings, failed to negotiate for deferred adjudication, and did not inform Appellant of any offers from the State.  There is a strong presumption that trial counsel rendered adequate assistance and made all decisions in the exercise of reasonable professional judgment.  *Strickland*, 466 U.S. at 689.  An allegation of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  *Thompson*, 9 S.W.3d at 814.

To show sufficient prejudice, there must be a reasonable probability that the outcome would have differed but for counsel's errors and that probability must rise to the level that it undermines confidence in the outcome of the trial. *Strickland*, 466 U.S. at 686; *Andrews*, 159 S.W.3d at 101; *Diaz*, 380 S.W.3d at 312. In Appellant's case, she does not explain how the missed court settings or the late arrival for two hearings, for which her counsel was reprimanded, affected her guilty plea or her sentence, which was within the range of punishment for the convicted offense and the habitual-offender finding. Appellant sought deferred adjudication, but she does not claim that the State made any offer she would have accepted, and the record reflects that the State made no offers. Having failed to demonstrate by a preponderance of the evidence how she was prejudiced by trial counsel's conduct, we need not address the performance standard. We overrule Appellant's second issue.

## VI. *This Court's Ruling*

We affirm the judgment of the trial court.

MIKE WILLSON
JUSTICE

December 11, 2014

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.